## Delaware, Lackawanna & Western Railroad Company *v.* Charles D. Foster, Appellant.

*Equity—Interpleader—Mines and mining—Royalties.*

The owner of land cannot be turned out of possession or his collection of the rent be interfered with on a mere threat of a third party to sue his tenant.

Where on a bill in equity for an interpleader it appears that the plaintiff is the lessee under a coal lease, and that the first defendant has been recognized for years as the rightful owner of the royalties, while the second defendant is a recent claimant, the court cannot, after having refused the interpleader prayed for, enjoin the first defendant from collecting the royalties by process of law, without first entering into a written agreement to refund the same if it shall be found that he is not entitled to them.

Argued April 13, 1905. Appeal, No. 64, Jan. T., 1905, by plaintiff, from decree of C. P. Luzerne Co., Oct. T., 1903, No. 3, on bill in equity in case of Delaware, Lackawanna & Western Railroad Company v. Charles D. Foster. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Bill in equity for an interpleader and an injunction. Before FERRIS, J.

From the record it appeared that the plaintiff was the lessee of coal under a lease in which one Sarah Horton had an interest. Charles D. Foster, one of the defendants, acquired a portion of the interest of Sarah Horton, and from June 13, 1894, to January 1, 1903, received his proportionate share of the royalties. On March 23, 1903, Grizzie G. Norris made a demand on plaintiff claiming all of the royalties due on the share of Sarah Horton. The plaintiff then filed the present bill for an interpleader. Both defendants demurred to the bill.

FERRIS, J., filed an opinion which was in part as follows :

Each of the defendants filed a separate general demurrer to the bill. That of Mrs. Norris was withdrawn pursuant to an agreement that her rights in the premises should be determined by an action of ejectment, and the prayer of the bill was modified accordingly. This would seem to eliminate from this pro-

ceeding the prayer for an interpleader, leaving the bill to stand, practically, as an application for equitable relief pending a determination of the rights of the parties by an action at law. This relief has been afforded by the special injunction already granted, which does not restrain Mr. Foster from bringing an action for royalties claimed by him if he so desires, but only from collecting and receiving them without first entering into a written agreement to refund them if it shall appear that he is not entitled to them.    The plaintiff has been decreed to pay him, and all he need do to receive them pending the action by Mrs. Norris is to receipt for them, with an agreement to refund them in case it shall turn out that he had no right to receive them.

The demurrer of Charles D. Foster is sustained so far as it relates to the bill as an application to the court for a decree that defendants interplead.    The bill is allowed to stand, however, as an application for general relief, and the special injunction heretofore granted is continued until further order.

*John McGahren*, with him *Ernest K. Little*, for appellant.— Where there is no eviction or interference with the tenant's possession, he is not at liberty to dispute the title of his landlord : Schuylkill & Dauphin Improvement & R. R. Co. v. Schmœle, 57 Pa. 271 ; Dyer v. Wightman, 66 Pa. 425 ; Workman v. Mifflin, 30 Pa. 362 ; Leininger's App., 106 Pa. 398 ; Grassy Island Coal Co. v. Hillside Coal & Iron Co., 1 Lacka. Jurist, 297.

*A. H. McClintock*, with him *Arthur Hillman*, for appellee.— Though a tenant cannot controvert his landlord's title he may show that it has ended, and that either by a legal or equitable transfer to another : Sparks v. Walton, 4 Phila. 72 ; Heritage v. Wilfong, 58 Pa. 137 ; Smith v. Crosland, 106 Pa. 413.

PER CURIAM, May 8, 1905 :

When the court below refused the interpleader it took away every ground on which the bill could be supported.    The result of the court's order is that the appellant is deprived of his rents under the lease, or his receipt of them is clogged with a burdensome restriction, upon no better ground than the

allegation of the lessee that a third person, stranger to the lease, claims title and threatens suit. The owner of land cannot be turned out of possession, or what is the same thing his right to the rents be interfered with by any such short cut through the law. The burden is upon the newcomer who seeks to change the existing status.

Whether the complainant can under subsequent facts show a real and present danger of having to pay twice, need not now be considered, but the present bill has nothing to sustain it.

Decree reversed and bill directed to be dismissed with costs.